# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

OWEN D. DENSON, JR.,
a/k/a HIKIM SHABAZZ,

      Petitioner,

-vs-                                       Case No.  8:11-CV-2453-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") challenging convictions for burglary and armed robbery entered in 1977 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1), and a memorandum of law in support of the petition.

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see*

28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In the present petition, Petitioner denies previously seeking federal habeas relief regarding the convictions he challenges in the instant action (Dkt. 1 at 8).  However, a review of the Court's records revealed that Petitioner has previously filed a petition in this Court regarding the convictions he challenges in this action.  *See Denson v. Moore, et al.*, 8:01-CV-773-T-24 (M.D. Fla. 2001) (denied September 16, 2002).[1]  Clearly, this is a successive petition.[2]

Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action.  *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his petition.  Consequently, this case will be dismissed without

---

[1]The Court takes judicial notice of information available November 3, 2011, on the database maintained by the Clerk of the Court, Sixth Judicial Circuit, Florida, http://pubtitlet.co.pinells.fl.us, which indicates that case number CRC 77-00263 CFANO, the case number identified in Petitioner's first habeas petition, was voided in 1995, and the docket entries were made in case numbers CRC 77-00120 CFANO and CRC 77-00805 CFANO, the case numbers identified in the instant petition.  Consequently, Petitioner is challenging the same convictions in the instant petition as he challenged in his first petition.

[2]Petitioner filed a second habeas petition in this Court on July 27, 2009, which was dismissed as successive.  *See Denson v. Sec'y Dept. of Corrections*, 8:09-CV-1428-T-30TGW.

prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1.      This case is **DISMISSED** without prejudice.

2.      The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form

for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3.      The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
*Pro se* Petitioner

3